[S. F. No. 2381.  Department Two.—December 28, 1900.]

J. C. GREENE, Respondent, v. BOARD OF EDUCATION, etc., et al., Respondents.  GINN & CO., Intervenors, Appellants.  H. S. CROCKER COMPANY, Intervenor, Respondent.

PUBLIC SCHOOLS OF SAN FRANCISCO—CHANGE OF SYSTEMS OF PENMANSHIP—NOTICE OF CHANGE.—The use of the Spencerian system of penmanship in the public schools of San Francisco, however begun, was not legally changed by the order adopting the California system of vertical penmanship, in 1897, and contracting therefor, which was illegal and void, for want of the published notice of change required by subdivision 3 of section 1874 of the Political Code; and the order of the board of education made in 1899, upon proper publication of notice, adopting the text-books of the Shaylor system of vertical, roundhand penmanship, and making a contract therefor, was valid and binding.

ID.—CONSTRUCTION OF CODE—"UNIFORM SERIES OF TEXT-BOOKS"—NECESSITY OF NOTICE.—The provision of the Political Code that any books which may be "adopted as a uniform series of text-books must be continued in use for not less than four years," is not to be so construed as not to require notice to be published of an order making a change in a series in use which was not legally "adopted as a uniform series," so as to continue in use for four years. The code requires "notice of any proposed change in text-books," in order to make the change valid and continuous for a term of years, no matter how the existing use began.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

Sheffield S. Sanborn, and William B. Bosley, for Appellants.

John H. Dickinson, and Charles M. Mannon, for J. C. Greene, Respondent.

H. H. Hindry, for H. S. Crocker Company, Respondent.

Franklin K. Lane, City Attorney, and W. I. Brobeck, for Board of Education, Respondent.

COOPER, C.—This action was brought by plaintiff, as a citizen and taxpayer, to enjoin the defendants—who are the members of and compose the board of education of the city and county of San Francisco—from using or causing to be used, until four years after the ninth day of June, 1897, the text-books of the Shaylor system of vertical round-hand penmanship, upon the ground that said text-books have not been legally adopted by the board.

The appellants Ginn & Co., a copartnership doing business in the state of Massachusetts, were allowed to and did intervene.   In their complaint in intervention they alleged that they, as publishers of the said Shaylor system, entered into a contract with defendant board on the thirtieth day of June, 1899, by which they agreed to supply the public schools of the said city and county with the text-books of said Shaylor system.   The case was tried before the court and findings filed, upon which judgment was entered for plaintiff as prayed for. Appellants made a motion for a new trial, which was denied, and this appeal is from the judgment and from the order denying the motion.   It is conceded that in June, 1899, the defendant board passed a resolution regular in form, and, after proper notice as required by statute, adopting as a uniform series of text-books the Shaylor system, and entered into a contract with appellants, whereby they were to furnish at stated prices the copy-books of the Shaylor system to the pupils in the

public schools of the city and county of San Francisco.   The resolution of the board and the said contract with appellants were valid and legal if the board had power to make them, and this depends upon whether or not the board had, in the month of June, 1897, legally adopted the text-books of the California system of vertical penmanship published by the H. S. Crocker Company.   If the California system was legally adopted in June, 1897, the board had no power to change the text-books so adopted until four years from the date of adoption.   (Pol. Code, sec. 1874, subd. 1.)   The main question, therefore, in the case is as to the validity of a resolution passed by the board June 9, 1897, adopting the California system of vertical penmanship.   It is provided in the Political Code, section 1874, subdivision 3: "At least sixty days' notice of any proposed change in text-books must be given by publication in a newspaper of general circulation, published in the county, if there be one, in which such change is to be made.   If there be no newspaper published in the county, then such publication shall be made in any newspaper having a general circulation in the county.   A copy of the newspaper containing such publication, with such notice marked, must, immediately after the first publication thereof, be by the secretary of the board transmitted to the state board of education, and the same, when received, must be filed by the secretary of said state board.   Said notice shall state what text-books it is proposed to change; that sealed bids or proposals will be received by the board for furnishing books to replace them; the place where and the day and hour when all bids or proposals will be opened, and that the board reserves the right to reject any and all bids or proposals.   Said notice shall be published in such newspaper as often as the same shall be issued after the first publication thereof."   It is admitted that the board did not comply with the above subdivision of said section, prior to the resolution of June 9, 1897, in regard to the publication of the notice therein required; neither did the board, at any time, comply with the section as to the contract with said H. S. Crocker Company by publishing any notice prior to making the same.   The resolution and contract as to the California vertical system of text-books were therefore in excess of the jurisdiction of the board and

void. The board, being an inferior tribunal or body, possesses such powers, and such only, as are given it by the statute. The law has prescribed the course to be pursued and the things to be done in order to effect a change in the text-books of the public schools, and the board must follow its mandates. The statute must be substantially followed. If the board could dispense with one of the material requirements of the statute it could dispense with others, and thus be left with no guide except its absolute will. The board is the agent of the public, and intrusted with the duty of carrying out the mandates of the law in the matter of adopting text-books for the use of the children of the public schools. The evident object of section 1874 is that all parties may have a fair hearing before the board and that the best text-books may be obtained at the lowest price. The section requires the bids to be publicly opened and accompanied by sample copies of the books proposed to be furnished. It further provides that no change shall be made except in the months of May or June of the year in which the change is made, and that any books adopted as a uniform series of text-books must be continued in use for not less than four years. The law formerly required six months' notice of any proposed change in text-books, and this court held in *People v. State Board of Education*, 49 Cal. 685, that the board could not make the change without giving the notice. In the opinion it is said: "The authority of the board to effect the change was thereby made dependent upon the giving of the prescribed notice, and its exercise was forbidden except after such notice first given."

The respondents claim that the provisions of the section do not apply because it does not appear that the attempted change was made as to books "that were in use as a part of a uniform series of books," and that the change refers to a change of a part of a uniform series. We do not think such a narrow construction should be given the statute. Its plain mandate is "notice of any proposed change in text-books."

It appears from the uncontradicted evidence of the superintendent of the public schools of the city and county of San Francisco, that in June, 1897, the Spencerian system was in use in the schools, and that it was the only system in use that

was ever brought to his attention, but that they had been experimenting with the vertical system.

But if it be conceded that on the ninth day of June, 1897, the Spencerian system and the California system of vertical penmanship were each in use in the public schools, the order adopting the California system would exclude the Spencerian system. This was certainly a change in the text-books in use in the public schools. We do not think the language of the statute applies only to a change of text-books that had been legally adopted. If the Spencerian system was in use in the public schools, whether by legal adoption or by the silent acquiescence of teachers and pupils, the board could not change the text-books so in use without publication as required by the code. As the plaintiff cannot maintain this action unless the order of the board of June 9, 1897, was valid and is still in force, and as it has been shown to be void, it is not necessary to pass upon the question as to whether or not the plaintiff as a taxpayer can maintain the action.

We advise that the judgment and order be reversed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

> Henshaw, J., McFarland, J., Temple, J.